JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEBB, | Case No. ED CV 17-1131 SVW (MRW) |
| Petitioner, | **ORDER DISMISSING ACTION** |
| v. | |
| CYNTHIA ENTZEL, Warden, | |
| Respondent. | |

The Court summarily dismisses Petitioner's habeas petition for lack of jurisdiction.

\* \* \*

1. Petitioner was formerly an inmate at the federal prison facility at Victorville, California. (Shortly after commencing this action, he was transferred to a federal prison in Tennessee.) He filed a habeas petition in this Court under 28 U.S.C. § 2241 seeking review of his sentence resulting from an armed bank robbery conviction.

2. In 1998, Petitioner was convicted of the bank robbery charge at trial in the Eastern District of Arkansas. The district court imposed a life sentence on

Petitioner under the career offender provision of 18 U.S.C. § 3559(c)(1). The court found that Petitioner had previously been convicted of robbery, aggravated robbery, and escape. (Docket # 8 at 4.) The Eighth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Webb, 168 F.3d 496 (8th Cir. 1999).

3. Since then, Petitioner pursued numerous forms of post-conviction relief in the Arkansas federal court. In its motion to dismiss this action, the government identified three post-appeal collateral attacks that Petitioner filed in the Eastern District of Arkansas between 2000 and the present. The first two were denied in the district court and on appeal to the Eighth Circuit. The third collateral attack – filed several weeks before Petitioner commenced this action in the Central District of California – was also denied. (Docket # 8 at 5-6.)

4. In his current action in this district, Petitioner contends that he is serving an "illegal sentence." He argues that his prior convictions cannot serve as predicate offenses for a career offender sentence following the Supreme Court's decision in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013). (Docket # 1.) He seeks relief under the "savings clause" under 28 U.S.C. § 2255. (Id. at 3.)

5. The government moved to dismiss the action on numerous grounds. Its key claims are that Petitioner's Section 2241 action is actually an improper motion under Section 2255. The government contends that this Court does not have jurisdiction over Petitioner's claims. The government also briefly argues that Petitioner's action fails on the merits. (Docket # 8.)

6. In his reply submission, Petitioner appears to add several legal theories to his claim for relief. These include references to the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015).

\* \* \*

7. If it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," the Court may summarily dismiss a habeas petition after filing. Local Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge); see also Rule 4(b) of Rules Governing Section 2255 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief).

8. The Court concludes that it does not have jurisdiction over Petitioner's claims. Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review in the district in which the inmate is confined. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

9. The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." Id. at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

10. A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – when

the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Alaimalo, 645 F.3d at 1047 (quotation omitted).

11. However, a "purely legal claim that has nothing to do with factual innocence [ ] is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." Marrero, 682 F.3d at 1194 (actual innocence "means factual innocence, not mere legal insufficiency") (citation omitted).

12. As for the "unobstructed procedural shot" component, a prisoner must show that: (1) "the legal basis for petitioner's claim [of actual innocence] did not arise until after he had exhausted his direct appeal and first § 2255 motion"; and (2) "the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960. An intervening court decision "must effect a material change in the applicable law" to satisfy this test. Alaimalo, 645 F.3d at 1047 (quotation omitted).

* * *

13. Petitioner's habeas claims here cannot get him through the escape hatch. His claims regarding his sentencing nearly 20 years ago do not take up whether he is factually innocent of either (a) his offense of conviction or (b) the prior convictions that led to his enhanced sentence. Instead, he advances "purely legal claims" regarding those convictions and his resulting sentence that do not establish a cognizable claim of "actual innocence" under § 2255(e). Marrero, 682 F.3d at 1194.

14. Moreover, Petitioner cannot convincingly establish that he has been denied an unobstructed procedural shot at bringing a successive Section 2255 motion in Arkansas. Alaimalo, 645 F.3d at 1047. Petitioner already pursued three post-appeal motions – without success – in the trial court, including one that

he filed nearly simultaneously with this action. Notably, that recent action did not pursue relief under Descamps (even though that case had been decided approximately four years ago). (Docket # 8-14.)

15. Further, he cannot demonstrate that the Descamps decision has any impact on his case. The Ninth Circuit has rejected the argument that the 2013 decision in Descamps served as a retroactive change of federal sentencing law. United States v. Myers, 691 F. App'x 411 (9th Cir. 2017). Instead, Descamps simply clarified existing Supreme Court precedent. Ezell v. United States, 778 F.3d 762 (9th Cir. 2015). Therefore, Descamps did not cause a material change in the law relevant to Petitioner's claims. Harrison, 519 F.3d at 960.

16. Finally, the government convincingly argues that Descamps and Johnson – both of which involved close analyses of specific components of the Armed Career Criminal Act [18 U.S.C. § 924] – do not apply to sentencing under the career offender provisions of Section 3559. Gray v. United States, 622 F. App'x 788, 792 (11th Cir. 2015) (escape clause provision of Section 3559 renders Descamps inapplicable to career offender sentencing); Walker v. United States, 2017 WL 3600943 at *14 (S.D. Fl. 2017) ("§ 924(e) and § 3559(c)(3)(A) are different, in pertinent part, because § 3559(c)'s language requires a sentencing court to look to the underlying facts of the offense in order to determine whether it was a non-qualifying offense") (quoting Gray).

17. Petitioner cannot squeeze through the "escape hatch" in Section 2241 to have this Court hear his sentencing challenge. He does not advance a true "actual innocence" claim, and he identifies no material change in law applicable to his case. The Court summarily concludes that Petitioner's action is a disguised Section 2255 challenge over which this Court does not have jurisdiction.

\* \* \*

Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: 11/15/2017

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE